### *In re* HALLENBECK'S ESTATE.

### CLAIM OF DALY.

1. WITNESSES—MATTERS EQUALLY WITHIN THE KNOWLEDGE OF THE DECEASED.

> A claimant against the estate of a decedent for whom personal services had been rendered is barred from testifying as to matters equally within the knowledge of the deceased (3 Comp. Laws 1929, § 14219).

2. ESTATES OF DECEDENTS—CLAIM FOR PERSONAL SERVICE—EVIDENCE.

> In proceeding by decedent's niece by marriage to recover for personal services rendered decedent in dressing an eye socket from which the eyeball had been removed and in driving his car from his home to various places in this State in connection with insurance agency business in which both were interested, evidence was insufficient to warrant disturbance of disallowance of such items by probate and circuit courts, there being no showing of a mutual understanding of charge and agreement to pay.

3. APPEAL AND ERROR—QUESTION REVIEWABLE—STATUTE OF LIMITATIONS.

> Where entire claim against the estate of a decedent is disallowed, question as to whether part of claim was barred by statute of limitations is not decided (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

Appeal from Lapeer; Des Jardins (George W.), J. Submitted January 5, 1945. (Docket No. 44, Calendar No. 42,855.) Decided April 9, 1945.

In the matter of the estate of Sumner C. Hallenbeck, deceased. Mary Daly filed her claim against estate for services rendered. Claim allowed in part. Plaintiff appealed to circuit court. Judgment affirming action of probate court. Plaintiff appeals. Affirmed.

*Herbert W. Smith,* for plaintiff.

*Louis C. Cramton,* for defendant.

Wiest, J. Plaintiff presented a claim in the probate court against the estate of Sumner C. Hallenbeck, deceased, for alleged personal services rendered decedent for several years before his death, in dressing an eye socket from which the eyeball had been removed; in driving his automobile from his home in Columbiaville to Flint, Lapeer and Gaylord, and for an agreed percentage commission on insurance obtained by her while employed by Mr. Hallenbeck in his insurance agency business. In the probate court plaintiff's insurance commission was allowed but her claims for personal services were disallowed. She appealed to the circuit court from the disallowance and the issues were tried by the court without a jury, with judgment the same as in the probate court. Plaintiff appeals.

Mr. Hallenbeck was agent and engaged in insurance business at his home in Columbiaville. Plaintiff was his niece by marriage and in his business employ. His eye required dressing for a long period of time, and plaintiff claims she rendered such service but, considering the relationship, the evidence falls short of showing a mutual understanding of charge and agreement to pay. This is not supplied by plaintiff's claim that she entered on a pad of paper each time of such eye service a 50-cent charge therefor, and also charges for driving the automobile to other cities. There is no showing that the trips were not in the course of the insurance business in which they were both interested.

Plaintiff, of course, was barred from testifying to matters equally within the knowledge of the de-

ceased,* but she claims that on each occasion when she dressed the eye and drove him to the other cities she entered upon a pad, which she obtained at a drug store, the date of the service and the charge made therefor.

The circuit judge viewed the claimed contemporaneous service entries and, in comparing the handwriting with other acknowledged handwriting of plaintiff, found the pad entries were obviously entries in the same handwriting, with the same pen, using the same ink, and all written at one time.

The trial judge did not accept as true the testimony of plaintiff and her husband, nor do we. Without according verity to such testimony plaintiff made no case for other judgment than that granted in the circuit court. Under this result we find no occasion to pass upon the question of bar, in part, of plaintiff's claim by the six-year statute of limitations.†

The judgment is affirmed, with costs to the estate.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

---

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—REPORTER.

† See 3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).—REPORTER.